Christian Ugbor, Appellant,
against
Ayisha Henderson, Respondent.




Richard S. Gershman & Assoc., P.C. (Richard S. Gershman of counsel), for appellant.
Russo & Toner, LLP (Fallon J. Mulerman-Orer of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered July 13, 2016. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries he had allegedly sustained in a motor vehicle accident. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury as defined in Insurance Law § 5102 (d), and plaintiff opposed the motion. By order entered July 13, 2016, the Civil Court granted the motion.
Defendant met his prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident in question (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). Defendant's doctors' affirmed medical reports showed only cervical and lumbar sprains, a right knee contusion and a shoulder sprain. Defendant also submitted a transcript of plaintiff's deposition testimony, wherein plaintiff admitted that he had only missed two weeks of work [*2]during the first six months following the accident. In opposition, plaintiff failed to raise a triable issue of fact. While plaintiff submitted medical evidence that he suffered from, among other things, herniated discs, that finding is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and their duration (see Ciancio v Nolan, 65 AD3d 1273 [2009]). Here, such objective evidence was lacking.
Moreover, although plaintiff submitted medical evidence that he had suffered a right shoulder rotator cuff tear, he failed to demonstrate that the tear was caused by the accident. Plaintiff also failed to submit competent medical evidence that the injuries he sustained rendered him unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (see Insurance Law § 5102 [d]; Sainte-Aime v Ho, 274 AD2d 569 [2000]).
In view of the foregoing, the Civil Court properly granted defendant's motion for summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 06, 2018